IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATH REYNOLD L. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | No. 24-cv-1335 |
| *Commissioner of Social Security*, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW**                                                                                                                  October 9, 2025
**United States Magistrate Judge**

      In 2022, Plaintiff filed an application for Social Security benefits, but they were initially denied at the administrative level. Plaintiff then challenged the denial of benefits in federal Court. During the federal action, Defendant filed an Uncontested Motion to Remand, which was granted, and the case was remanded for further administrative proceedings.

      Ultimately, following remand, Plaintiff was awarded past-due benefits. Before the Court is attorney Jospeh B. Silver's[1] motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

      For the reasons explained below, I grant the motion.

**I.**      **PROCEDURAL HISTORY**

      Plaintiff applied for disability insurance ("DIB") benefits on September 9, 2022, with an alleged onset date beginning June 30, 2021. Doc. 6, at 1; R. 17, 38. The claim was initially

---

[1] The motion states that Plaintiff, through his attorneys, moves for attorney's fees, but it is clear from the motion that Plaintiff's attorney, Mr. Silver, is the party seeking relief. Doc. 13, at 2-7.

denied and was again denied on reconsideration. Doc. 6, at 1; R. 17. After a telephone hearing, the ALJ denied Plaintiff's claim for benefits in a decision issued November 13, 2023. R. 17-29, 35-61. Plaintiff sought review of the decision with the Appeals Council, which denied the request. R. 1-4. Therefore, the ALJ's decision became the final decision of the Social Security Commissioner. R. 1-2; 20 C.F.R. § 404.981.

On March 29, 2024, Plaintiff initiated a civil action in this Court requesting review of the Commissioner's final decision. Doc. 1. Plaintiff filed his Brief and Statement in Support of Request for Review and, in response, Defendant filed an Uncontested Motion to Remand. Docs. 6 & 7. On July 12, 2024, the Court granted the motion, and the case was remanded for further administrative proceedings. Doc. 8. On August 13, 2024, the Court entered an order directing Defendant to pay Silver's firm $5,692.32 in attorney's fees and $405.00 in costs under the Equal Access to Justice Act (EAJA)[2] for the work attorney Silver performed in the federal action that resulted in the remand. Doc. 12.

On remand, Plaintiff was awarded past-due benefits. Doc. 13-3, at 1-6.[3] On August 26, 2025, Silver filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). Doc. 13. He seeks $21,063.00 as reasonable attorney's fees for representing Plaintiff in the present matter. Doc. 13, at 5-6; 42 U.S.C. § 406(b). Counsel clarified in his motion he is asking for $21,063.00 minus the $5,692.32 that has been awarded under the EAJA for a total award of $15,370.68. Doc. 13, at 6. On September 2, 2025, the Commissioner responded it has no direct financial stake in the outcome of the motion so it "neither supports nor opposes counsel's request . . . ."

---

[2] 28 U.S.C. § 2412.
[3] Based on the 25% the Social Security Administration ("SSA") withheld for attorney's fees, Plaintiff's total award of past-due benefits appears to have been $84,252. Doc. 13-3, at 3-4.

Doc. 14, at 2.

II.     **LEGAL STANDARD**

The relevant provision of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such a representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1). Even when the fee does not exceed the 25% threshold, the Court must still assure that the attorney does not receive a "windfall." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). As part of that assessment, the Court will independently consider the reasonableness of the award. Id. at 807 n.17. The attorney seeking the fee award has the burden to prove the request is reasonable. Id.

Relevant factors when assessing the reasonableness of an award may include but are not limited to any delay for which the attorney is responsible, whether the benefits are large in comparison to the time counsel spent on the case, and counsel's experience. See Risser v. Kijakazi, No. 18-4758, 2022 WL 1308512, at *2 (E.D. Pa. May 2, 2022); Mignone v. Comm'r of Soc. Sec., No. 13-cv-6054, 2018 WL 259949, at *1 (D.N.J. Jan. 2, 2018). The Court may also account for the inherent risk of accepting Social Security cases on a contingent basis. See, e.g., Tschudy v. Comm'r of Soc. Sec., No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020) (citing risk inherent in taking cases on contingency basis when considering reasonableness of award). Additionally, the Court may evaluate the record of the hours counsel spent representing the claimant and counsel's normal hourly rate. See Shackles v. Barnhart, No. 04-cv-0822, 2006 WL 680960, at *1 (E.D. Pa. March 15, 2006).

3

In Social Security cases, attorney's fees may be awarded under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796; see also Hall v. Astrue, 868 F. Supp. 2d. 461, 464, n.1 (E.D. Pa. June 18, 2012) (stating when counsel awarded fees under EAJA and 42 U.S.C. § 406(b), counsel is required to remit smaller EAJA award directly to Plaintiff).

### III.   DISCUSSION

Silver seeks $21,063.00 in attorney's fees pursuant to his agreement with Plaintiff. Doc. 13, at 5. The retainer and assignment agreement provides, in part, that if Plaintiff "is awarded past due benefits by . . . an Administrative Law Judge following additional proceedings, the law firm may apply for fees under 42 U.S.C. § 406(a) and/or § 406(b). **The combined amount of these fees will not exceed 25% of any back due benefits due to me and my family**." Doc. 13-1, at 1. The motion states that upon receiving the $21,063.00, counsel will remit the $5,692.32 EAJA award directly to Plaintiff. Doc. 13, at 6.

Upon review, the fee is reasonable and is not a windfall for counsel. First, the $21,063.00 award is within the 25% statutory boundary of past due benefits. See Gisbrecht, 535 U.S. at 794-95; 807; 42 U.S.C. § 406(b)(1). Second, there is no indication Silver was responsible for any delay in this matter. See Risser, 2022 WL 1308512, at *2. Silver has significant experience, representing Social Security claimants for many years, with success at the administrative and federal levels. Doc. 13, at 9. He is also the chair of the Philadelphia Bar Association Social Security Disability Law Committee and was recently elected to be the Third Circuit Representative to the Board of the National Organization of Social Security Claimants' Representatives. Doc. 13, at 9-10; see Risser, 2022 WL 1308512, at * 2. Silver also took on a

4

significant possible risk of loss when accepting the case on a contingent basis. See Tschudy, 2020 WL 3316403, at *1; Doc. 13-1, at 1 (retainer and assignment agreement noted Plaintiff owed no fees to Silver's firm if reviewing federal court denied benefits).

Moreover, the benefits awarded (over $84,000) are substantial considering the time Silver spent on the case. Id. Silver's requested fee of $21,063.00 for 20.10 hours of work amounts to an hourly rate of approximately $1,047.91 an hour.[4] Doc. 13, at 5. Courts in this Circuit have found similar hourly rates reasonable, and therefore no downward adjustment of the hourly rate is necessary. See, e.g., Gisbrecht, 535 U.S. at 808; see also Wilson v. Astrue, 622 F. Supp. 2d 132, 134-37 (D. Del. Dec. 9, 2008) (determining hourly rate of $1,155.69 reasonable and not a windfall to counsel based on counsel's over thirty years' experience in field and favorable result obtained for plaintiff); Gonzalez v. Comm'r of Soc. Sec., Civ. No. 10-3735, 2017 WL 6513349, at *2-*3 (D.N.J. Dec. 19, 2017) (permitting award of $37,926.00 in attorney's fees and de facto attorney hourly rate of $1,149.90 reasonable under § 406(b)).

Finally, the motion is timely. Silver asserts he did not receive Plaintiff's Notice of Award, dated June 18, 2025, until August 21, 2025 after Silver called about the status of the case and SSA mailed a duplicate copy of the Notice of Award to Silver. Doc. 13, at 6; Doc. 13-3, at 6. Thereafter, Silver timely filed his motion for attorney's fees on August 26, 2025—within fourteen (14) days of receiving the duplicate Notice of Award. Doc. 13, at 11; Walker v. Astrue,

---

[4] Once the Court deducts the EAJA award from the requested $21,063.00, the amount of attorney's fees awarded to Silver will be $15,370.68. The corresponding calculated hourly rate is $764.71 ($15,370.68 divided by 20.10 hours). This is an accurate reflection of what Silver will actually recover for fees in this social security case and is an even more reasonable rate than the $1,047.91 rate. Silver reported in his EAJA petition that his office's hourly rate for attorney time is $350.00, so again the $764.71 rate—slightly more than double his non-contingency hourly rate—is reasonable. Doc. 10, at 8; Gonzalez, 2017 WL 6513349, at *2, n.2.

593 F.3d 274, 280 (3d Cir. 2010).

### IV.     CONCLUSION

For the foregoing reasons, this Court finds Silver's request for $21,063.00 in attorney's fees is reasonable.  Accordingly, Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**, provided Silver remit the EAJA award of $5,692.32 directly to Plaintiff upon receipt of the sum of $21,063.00.  An appropriate order follows.

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge